# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA



## CIVIL MINUTES - GENERAL

Case No. SACV 11-0253 DOC (RNBx)                      Date: May 25, 2011

Title: ALLERGAN USA, INC. v. LEE TEMPEL, M.D.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DENYING MOTION TO DISMISS [3]

       Before the Court is Defendant Lee Tempel ("Tempel")'s Motion to Dismiss (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court DENIES the Motion.

**I.    Background**

       Plaintiff Allergan USA, Inc. ("Allergan"), a Delaware corporation with its principal place of business in Orange County, allegedly sold certain medical products to Tempel between 2007 and 2011. Compl. ¶¶ 1-7. Tempel practices medicine in, and is a resident of, St. Louis, Missouri. *Id.* ¶ 2. His office ordered certain medical products from Allergan by calling a toll-free number that connected to the company's office in Irvine, California. *See* Decl. of Liliana Fausto in support of Pl.'s Opp'n to Mtn., ¶ 9. Allergan alleges that Tempel accepted delivery of those products at agreed upon prices and terms, but thereafter failed to timely respond to Allergan's invoices and demands for payment. *See id.* ¶ 8-9. Those invoices were mailed to Tempel's business address in St. Louis and directed him to send payments to Allergan's collection center in Chicago, Illinois. *See, e.g.*, September 14, 2009 Invoice, Ex. 1 to Decl. of Liliana Fausto in support of Pl.'s Opp'n to Mtn., ¶ 6. The "terms and conditions" that appeared on the back of the pre-printed invoices provided in relevant part that:

       Any dispute, controversy or claim arising out of or relating to this invoice

> shall be settled by arbitration in accordance with the rules then obtaining in the American Arbitration Association. Such arbitration shall be held in Orange County, California, and judgment upon the award rendered may be entered in any court having jurisdiction, and the parties consent to the jurisdiction of the California courts for this purpose.

Ex. 2 to Decl. of Liliana Fausto in support of Pl.'s Opp'n to Mtn., ¶ 7.

On March 12, 2010, and after approximately four months of missed payments by Tempel, the parties entered into a "letter agreement" that provided for the payment of $265,154.06 by Tempel to Allergan in monthly installments. *Id.* ¶ 13; *see also* Ex. 1 to Compl. Tempel executed the letter agreement by faxing a signed copy of the document to Allergan's office in Orange County. Decl. of Liliana Fausto in support of Pl.'s Opp'n to Mtn., ¶ 10. Allergan alleges that Tempel has been in breach of this letter agreement since June 2010. *See* Compl. ¶ 13.

On January 18, 2011, Allergan sued Tempel in state court and claimed that Tempel's failure to remit payment in response to Allergan's invoices as well as his failure to honor the terms of the parties' subsequent letter agreement caused him to breach his contracts with Allergan. *See id.* Tempel timely removed the lawsuit to this Court on diversity grounds and now moves to dismiss, claiming that he is not subject to personal jurisdiction in the state of California.

## II. Discussion

In California, a non-resident defendant is subject to the state's jurisdiction to the extent permissible under the Due Process clause of the U.S. Constitution. *Panavision v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Due process requires that an individual make "certain minimum contacts with the forum" prior to being subject to jurisdiction there, such that "the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). If they are substantial, continuous and systematic, a non-resident defendant's contacts with the forum can subject him to "general jurisdiction," by which "the foreign defendant is subject to suit even on matters unrelated to his or her contacts to the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). If, however, the contacts are not so frequent, then the non-resident defendant may be subject to "specific jurisdiction," by which he is subject to suit on the "cause of action before the court." *Id.*; *see also Hanson v. Denckla*, 357 U.S. 235, 250-253, 78 S.Ct. 1228 (1958).

Ninth Circuit courts use a three-part test to determine whether a non-resident defendant is subject to jurisdiction on a particular cause of action (or "claim"):

> (1) The non-resident must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by

which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The first prong of the Ninth Circuit's test references purposeful availment and purposeful direction, which are distinct concepts. Purposeful availment is commonly evidenced by the consummation or performance of a contract in the forum state. *Id.* Purposeful direction, on the other hand, exists when the out-of-state defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482 (1984)).

Even absent any contacts with a forum, a non-resident defendant may still consent to be subject to its jurisdiction, by, for example, agreeing to a forum selection clause in a contract. *See Dow Chemical Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005). The exercise of jurisdiction does not offend due process in such a circumstance because the non-resident has freely negotiated away its "liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

If these tests cannot be met, then the Court may dismiss a plaintiff's cause of action against the non-resident defendant under Rule 12(b)(2). *See* Fed. R. Civ. P. 12(b)(2). Since the existence of jurisdiction may turn on facts provable by exhibits and testimony, a court may look outside the pleadings in ruling on a motion to dismiss. *Doe*, 248 F.3d at 922. However, absent an evidentiary hearing, the Court must deny the motion if the plaintiff avers facts "that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

By accepting delivery of the products purchased from Allergan and failing to return those products even after being presented with Allergan's invoices, Tempel agreed to the terms and conditions in those invoices, including the clause agreeing to arbitrate all disputes in Orange County. *See* Ex. 2 to Fausto Decl. ("Customer separately agrees to be bound by and accepts the terms and conditions of this invoice by accepting delivery of the product(s) identified herein, unless Customer

returns such product(s) to Allergan in accordance with Allergan's then current Return Goods Policy."). Tempel claims that he did not agree to that term in the invoice, but that is a fact that must be construed in Allergan's favor at this preliminary stage. *See Ballard*, 65 F.3d at 1498. Consenting to the jurisdiction of a California court to enforce an award entered by an arbitrator in California constitutes a "waiv[er] [of] [Tempel's] right to object to personal jurisdiction in this litigation." *See Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996) (citing *Burger King*, 471 U.S. at 472 n.14 and *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2009 (1982)).

In his briefing, Tempel cites *Weinberg & Company, P.A. v. Beasley Food Service, Inc.* for the proposition that "[a]n arbitration clause identifying a forum for arbitration, without more, does not confer personal jurisdiction," because the Ninth Circuit in *Fireman's Fund* only held that personal jurisdiction existed "after [] finding more contacts by defendant in the forum state than just the agreement to arbitrate in that state." *See* CV No. 06-2057 GPS (RCx), 2008 WL 4500004, at *4 (C.D. Cal. Oct. 3, 2008). It may be true that an agreement to arbitrate does not, without more, constitute the sort of "minimum contacts" that can give rise to specific jurisdiction in a particular forum. *See Fireman's Fund*, 103 F.3d at 893-95; *see also United Fin. Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 893 (N.D. Ill. 2002) (noting that the court in *Fireman's Fund* "found more contacts existed than just the agreement to arbitrate"). But "[c]onsent to suit in a particular forum is an independent ground for the exercise of personal jurisdiction, separate and distinct from any personal jurisdiction based on an analysis of minimum contacts." *Hanson Engineers Inc. v. UNECO, Inc.*, 64 F. Supp. 2d 797, 800 (C.D. Ill. 1999) (citing *Burger King*, 471 U.S. at 473 n. 14). Though he may lack sufficient minimum contacts with this state to render the exercise of personal jurisdiction reasonable, Tempel waived his right to so object when he agreed to the arbitration and forum selection clause in Allergan's invoices. *See Fireman's Fund*, 103 F.3d at 893.

However, Tempel observes that the same arbitration and forum selection clause in Allergan's invoices that prompts the denial of his motion may also require this Court to compel arbitration. *See United Food and Commercial Workers Union, Local 770 v. Geldin Meat Co.*, 13 F.3d 1365 (9th Cir. 1994); *see also* 9 U.S.C. § 4. This issue was not properly before the Court and the Court declines to consider the arbitrability of the pending claims without the benefit of briefing from both parties. The Court accordingly **ORDERS** the parties to **SHOW CAUSE** in writing, within twenty (20) days of the filing of this Order, as to why the Court should not compel the parties to arbitrate their claims pursuant to 9 U.S.C. § 4 and other applicable law.

### III. Disposition

The Motion is DENIED. Within twenty (20) days of this Order's filing, the parties are ordered to show cause in writing as to why they should not be compelled to arbitrate Allergan's claims.

The Clerk shall serve this minute order on all parties to the action.